## HELENE BARBET *v.* ALEXANDER ROTH.

14 381
104 456

Article 1481 C. C., which declares that " donations *inter vivos* or *mortis causa*, cannot exceed two-thirds of the property, if the disposer, having no children, leave a father or mother, or both," would clearly govern in cases where the ascendant, whether father or mother, was the sole heir at law to the inheritance.

Articles 899 and 900 which make the disposable portion three-fourths, apply to cases where the testator leaves other heirs who would be entitled to a share in the inheritance, in the absence of a will.

APPEAL from the Sixth District Court of the Parish of Iberville, *Beale*, J. S. *Matthews*, for plaintiff. Z. *Labauve*, for defendant and appellant.

MERRICK, C. J. The defendant married the daughter of the plaintiff in 1832. The marriage was dissolved by the death of defendant's wife in 1858. Prior to her death she executed a will, wherein she made her husband her universal legatee. The testatrix left no decendants, nor brothers or sisters, and her only surviving ascendant is the plaintiff, who has instituted the present suit, to reduce the legacy to the defendant to the disposable portion. The District Court reduced the disposable portion to two-thirds of the estate, and defendant appeals.

The case involves a construction of Article 1841 C. C. which declares, that " donations *inter vivos* or *mortis causa* cannot exceed two-thirds of the property, if the disposer, having no children, leave a father or mother, or both."

But Articles 899 and 900 of the Code, give to the surviving parent one-fourth of the estate, and Article 1482, says that the heirs named in the two preceding Articles, are called forced heirs, because the donor cannot deprive them of the portion allowed them by law, except in cases where he has just cause to disinherit them.

Under the last Article, in the case of *Cole's Heirs* v. *Cole's Executors*, 7 N. S. 414, it was held, that in the case where a father or mother only survived, the disposable portion was three-fourths. Plaintiff's counsel question the correctness of the decision, as it appears to annihilate Article 1481 of the Civil Code. But that case must be examined in reference to the facts on which it was decided. The testator left a mother and a brother, or brothers and sisters. His will was in favor of a brother. Now, if he had died intestate, his mother could not have inherited more than one-fourth of the estate. It was, therefore, probably deemed by that court unreasonable to construe the Article in question, so as to give the mother more than one-fourth, simply because the testator had expressed his desire that she should not receive anything, and that his brother should receive the whole estate. But in the case before us, the mother is herself the heir-at-law to the whole inheritance.

The will deprives her of an estate which is given to her by the law. The Article in question presents no difficulty as applied to the present case, and we think it ought to be carried into effect. The law says, that where the testator having no children, leaves a father or mother, or both, the disposable portion shall not exceed two-thirds of the property.

The case provided for has occurred, the mother coming to the estate as sole heir and not in concurrence with brothers or sisters.

Judgment affirmed.

BUCHANAN, J. I concur in the decree in this case ; but would prefer not to

BARBET
v.
ROTH.

be understood as recognizing, even by implication, the correctness of the doctrine of the case of *Cole's Heirs* v. *Cole's Executors*, in 7 N. S., upon the subject of the *legitime* of decendants in a testamentary succession. My impression is, that the doctrine there enunciated by Judge Porter, as the organ of the court, is contrary to Article 1481 of the Code. The language of the learned Judge expresses but little confidence in the correctness of his conclusion. He says : " We cannot untie the knot ; we must cut it."

Now, it seems to me, that there is a very simple and obvious way of reconciling Articles 899 and 900, with Article 1481 of the Code, which is, to consider the first as a statute of distributions for intestate successions ; the second, a statute of distributions in successions testamentary. One is an allotment made of a man's estate, when he has not chosen to make any allotment of it himself. The other, a restriction upon the disposing power of a man over his own property, by testament.

The doctrine of *Cole* v. *Cole*, if adhered to, would expunge the Article 1481 from the Code. That doctrine is substantially as follows : The Article 1481 is unreconcilable with Articles 899 and 900; therefore, it must yield to those Articles; and, consequently, the *legitime* of a father or mother of a decedent who leaves a brother or brothers, is, in no case, more than one-fourth of the succession. Now, besides the fundamental error in the premises, which I think I have demonstrated above, to wit, the want of incompatibility of the Articles, the conclusion is erroneous, even if the premises were correct; for it is a rule of interpretation sanctioned on various occasions, that when two Articles of the Code cannot be reconciled, the last in order and highest in number, prevails over the other. *Johnson* v. *Pilster*, 4 Rob. 71.