### J. B. McCLENDON *v.* BENNETT & ADDISON.

A writ of sequestration which has been issued without the affidavit and bond required by Art. 276 of the Code of Practice, will be set aside.

APPEAL from the Dist. Court of the Parish of St. Helena, *Wilson*, J. *S. F. Russell*, for plaintiff. *D. N. Hennen*, for defendants and appellants.

DUFFEL, J. The plaintiff addressed a petition to the District Court of the parish of St. Helena, for a writ of sequestration of certain landed property. The writ was granted and executed, and the property restored to the defendants on giving bond, conditioned according to law.

The plaintiff based his demand on the allegations, 1o., that he had acquired the property in question at a Sheriff's sale made in execution of a writ of *fi. fa.* at the suit of *Hugh & Dowling* v. *New Orleans & Nashville R. R. Company;* 2o., that said Hugh & Dowling having sued out an *alias fi. fa.*, and the Sheriff having levied on the same property, he enjoined the sale and the case was, on recusation, removed to the Fourth District Court of New Orleans, where it is still pending; 3o., that the Sheriff, by reason of said transfer of the cause, "declares that he is without authority to protect or preserve possession of the land above described;" 4o., "that in consequence of said lands being left unpro-

McClendon
v.
Bennett.

tected, he is greatly injured by trespassers who have gone upon said lands, and cut and destroyed large quantities of valuable timber. That one Elisha Bennett and Israel Addison are at this time upon said lands without a shadow of right in law or in fact, &c."

The said Bennett & Addison answered the plaintiff's petition, asserting title in themselves, and excepted to the whole proceedings as being irregular and contrary to law, 1st, because the sequestration issued without affidavit or bond; 2d, because the petition has not been filed in time. The second objection is now abandoned.

The District Judge overruled the exceptions, and, on an *ex parte* trial, nonsuited the defendants on their pleas of ownership and damages. ·

The first ground of exception was well taken. C. P. 276.

It is not correct to say that the defendants cannot oppose the want of all the legal formalities, because the sequestration was to await the final action of the suit in injunction to which they are strangers, 1st, because it was issued against them by reason of. their alleged possession and depredations; 2dly, because, as between the parties to the injunction suit, the writ should have been issued by the court seized of jurisdiction, the 4th District Court of New Orleans.

It is therefore ordered, that the judgment of the District Court, be avoided and reversed. It is further ordered, that the writ of sequestration be, on the exception of the defendants, set aside and dissolved, at the costs of the plaintiff in both courts, without prejudice to the claim in damages of the defendants.

VOORHIES, J., absent.