LAND, J.
 

 Decedent died without descendants, and left a last will and testament, in which he bequeathed to his mother, brother, and sister special legacies of $2,500 each, and instituted his wife as universal legatee.
 

 The mother of decedent opposed the final account of the executor, and also instituted a separate suit, praying to be recognized as forced heir and creditor of one-third of the entire estate, inventoried at a total valuation of $141.915.
 

 The opposition of decedent’s mother to the final account of the executor was maintained by the judgment of the civil district court to the extent of recognizing her as a forced heir to one-fourth of the estate.
 

 Opponent has appealed from the judgment rendered against her.
 

 In Succession of Greenlaw, 148 La. 255, 86 So. 786, we reviewed the decisions of this court in Heirs of Cole v.' Cole’s Executors, 7 Mart. (N. S.) 414, and in Barbet v. Roth, 14 La. Ann. 381, and declared that the doctrine announced in those cases was simply ■ this:
 

 “The surviving father or mother of a deceased person are forced heirs for one-third of the estate in a case where the surviving father or mother, or either of
 
 them,
 
 would inherit more than one-third if there were no will or donation; but an heir cannot be a forced heir to a greater extent than he or she would inherit as heir at law if there were no will or donation.”
 

 We approved apd applied this doctrine in the Greenlaw Case, the facts of that case being that the deceased wife had died without children, and was survived by her husband, mother, two brothers, and a sister.
 

 It was held that, as under Revised Civil Code, articles 903, 904, 911, 1493, 1494, and 1495, the surviving mother of the deceased wife inherited as forced heir one-fourth, and the two brothers and sister, three-fourths of her separate estate, that the portion of the surviving parent under the will was limited to one-fourth of the separate estate of the decedent.
 

 In the instant case, the surviving mother, inheriting with a brother and sister of the deceased, is entitled, under the same articles of the Code, as forced heir, to only one-fourth" of the estate, and therefore can receive no greater portion of said estate under the will of her deceased son.
 

 The doctrine announced in the Greenlaw Case was expressly approved later in Succession of Dielman. 155 La. 503, 99 So. 416, and must be considered as settled definitely, and as established jurisprudence.
 

 Judgment affirmed.