ROGERS, J.
 

 Mrs. Lena Kelly (née Cox) and Frank Shimshak were married on May 12, 1921, at El Dorado, Ark., where they established the matrimonial domicile. Mrs. Shimshak died on October 21, 1921, leaving as her survivors her husband, her father, A. T. Cox, and a number of brothers and sisters. At the time of her death she owned a piece of real estate and some household furniture in Shreveport, La., together with $150 cash on deposit in the First National Bank of that city.
 

 On February 3, 1923, the father, brothers, and sisters of the decedent opened her succession as intestate in the district court of Caddo parish, and obtained a judgment therein recognizing them as her heirs and sending them into possession of her property in the city of Shreveport.
 

 In October, 1924, Frank Shimshak, the surviving husband, presented to the probate court of Union county, Ark., a will of his deceased wife, praying that it be probated and made the judgment of the court. The will was admitted to probate on October 13, 1924, and on December 10, 1924, Frank Shimshak, the proponent, presented to the district court of Caddo parish a copy of the will and the probate thereof, duly authenticated, upon which he obtained an order that the will be filed, registered and executed, and he be recognized as universal legatee, and, as such, placed in possession of the property belonging to the succession of his deceased wife. On the same day, he instituted suit against the father, brothers, and sisters of his deceased wife to recover possession of the real estate in the city of Shreveport and some personal property which he. alleges the defendants took possession of.
 

 In their answers, all the defendants attacked the validity of the will and the proceedings admitting it to probate, alleging that they were ineffective against the property of the deceased in Louisiana ; that the purported will is null because it was never intended as such; that it was not signed by the testatrix, or was signed by her at a time when she was incapable of making a will; that the last sentence in the will, “If I die all is his,” was forged and written after it was signed. A. T. Cox pleaded, in the alternative, that in case the court should hold the will to be valid, he was entitled, as a forced heir, to have the legacy to the universal legatee reduced to the disposal portion, which he averred was two-thirds of the succession. Mrs. Gladys Cox Morris, one of the sisters of the decedent, prayed, in the alternative, that she be reimbursed an amount which she had paid in discharging a mortgage and certain taxes bearing upon the real estate.
 

 The court below rendered judgment in favor of the plaintiff, decreeing him to be the owner of an undivided three-fourths interest in the real property, recognizing him to be the owner of certain personal effects in the possession of Mrs. Gladys Cox Morris, and granting him judgment against Mrs. Morris for $22.50 a month from December 10, 1922, as his pro rata of the rent of the real estate occupied by her; also in favor of A. T. Cox, decreeing him to be the owner of an undivided one-fourth interest in the real estate ; also in favor of Mrs. Gladys Cox Morris against the plaintiff, Frank Shimshak,
 
 *107
 
 for $1,102:08, with interest thereon, as his pro rata of the amount exxiended by her in discharging the mortgage and taxes against the real estate. From this judgment all the defendants have appealed.
 

 ■ The defense urged in this court by the appellants to plaintiff’s suit is fourfold, viz.: (1) That the will was not properly proved before being admitted to probate in Arkansas; (2) that the proceedings admitting the will to xwobate in Louisiana were irregular and illegal; (3) that the deceased was incapable of making the will at the time plaintiff claims it was made; and (4) that the will was forged.
 

 First. The will in question was made in, and by a resident of, Arkansas, who died in that state. The Arkansas court was therefore vested with jurisdiction to x>robate the will. ■ This was done under the common form prevailing in that state, which does not require notice to presumptive heirs, and under which parties in interest are allowed one year in which to appeal to the circuit court, setting up there any grounds of attack they may have a right to. urge, the matter being tried de novo. The appellants failed to exercise the right of appeal, which they had for one year, to question the validity of the proceedings before the- probate court of Union county, Ark. The probate of the will must therefore be deemed conclusive so far as the proceedings on which it is based are concerned.
 

 Second. Our statutes expressly provide for the ancillary probate of a will made in another state by a testator residing there, which has been admitted to probate in that state.
 

 Civ. Code, art. 10, reads:
 

 “The form and effect of public and private written instruments are governed by the laws and usages of the places where they are passed or executed.
 

 “But the effect of acts passed in one country to have effect in another country, is regulated by the laws of the country, where such acts are to have effect. * * *
 

 “The exception made in the second paragraph of this article does not hold, when a citizen of another state of the Union, or a citizen or subject of a foreign state or country, disposes by will or testament, or by any other act causa mortis made out of this state, of his movable property situated in this state, if at the time of making said will or testament, or any other act causa mortis, and at the time of his death, he resides and is domiciliated out of this state.”
 

 Civ. Code,’ art. 1598, reads:
 
 j
 

 “But testaments made in foreign countries, or the states and other territories of the Union, shall take effect in this state, if they be clothed with all the formalities prescribed for the validity of wills in the place where they have been respectively made.”
 

 Civ. Code, art. 16S8, reads:
 

 “Testaments made in foreign countries and other states of the Union cannot be carried into effect on property in this state, without being registered in the court within 'the jurisdiction of which the property is situated, and the execution thereof ordered by the judge.”
 

 Civ. Code, art. 1689, reads:
 

 “This order of execution shall be granted without any other form than that of registering' the testament, if it be established that the testament Fas' been duly proved before a competent judge of the place where it was received. In the contrary case, the testament cannot be carried into effect, without its being first proved before the judge of whom the execution is demanded.”
 

 Act 176 of 1912 (Uniform Probate Act) reads: v/'
 

 “That a last will, and testament, executed without this state in the mode prescribed by the law, either of the place where executed or of the testator’s domicile, shall be deemed to be legally executed, and shall be of the same force and effect as if executed in the mode prescribed by the laws of this state; provided, said last will and testament is in writing and subscribed by the testator.”
 

 Tbe appellants complain that plaintiff obtained the order from the district court of Caddo parish making the will executory in Louisiana without offering any evidence, or
 
 *109
 
 showing any evidence had been offered in Arkansas, to prove the will. Since the will was not offered for original probate in the district court of Caddo parish, it was not necessafy to prove it in the manner provided by the laws of Louisiana. When plaintiff presented to the district court of Caddo parish a copy of the will, together with authentic evidence of its having been duly probated in the state where it was made and where the testatrix was domiciliated, it became th,e duty of the Louisiana court to order the registry and execution of the testament. Civ. Code, art. 1689, quoted, supra; Robert v. Allier’s Agent, 17 La. 17; State v. Judge, 17 La. 491; Succession of Hall, 28 La. Ann. 57; Succession of Butler, 30 La. Ann. 887; Succession of Gaines, 45 La. Ann. 1237, 14 So. 233.
 

 Third. Under our statutory law hereinabove referred to and quoted a testament executed in another state, if in writing and subscribed by the testator, is as valid as if made in this state. The necessary result of these statutes, therefore, is to make the probate of a will by the court of the testator’s domicile conclusive as to the form and mode of execution of the instrument, placing it on the same footing, when registered in this state, as a domestic will in which all the legal formalities have been qbserved. Hence the judgment of the Arkansas court admitting the will of Mrs. Shimshak to probate fixed the status of the instrument as a formal will and gave it the same effect when placed of record in the district court of Caddo parish as if rendered by that court. But beyond this, the judgment is not binding on third persons not parties thereto. The probate of a will and the order for its execution are but preliminary proceedings necessary to procure the execution of the instrument and for the preservation of the testator’s estate. Succession of Duplessis; 10 Rob. 193; Succession of Dupuy, 4 La. Ann. 570; Hollingshead v. Sturges, 16 La. Ann. 335; Cox v. Lea, 110 La. 1030, 35 So. 275; Succession of Manion, 143 La. 799, 79 So. 409. Persons who are not parties to the probate of a will in common form may attack such probate on any ground (save as to form and mode of execution in a case such as the one at bar) showing the nonexistence of the will. Of. Succession of Manion and Cox v. Lea, supra.
 

 The defendants were, therefore, clearly entitled to a hearing on the question of the testamentary capacity, vel non, of the deceased, and the trial judge did not err in permitting the introduction of testimony on that issue subject to plaintiff’s objection. But ex parte decrees probating wills and sending legatees into possession are prima facie valid. Thomas v. Blair, 111 La. 678, 35 So. 811; Succession of Swanson, 131 La. 53, 58 So. 1030. The burden of proof was on defendants to overcome this presumption, and they have failed to do so.
 

 Fourth. Defendants objected to the introduction in evidence of the copy of the will as part of the record in case No. 33110, Succession of Mrs. Lena Cox Shimshak, of the district court of Caddó parish, invoking the doctrine governing the burden of proof in respect to interlineations in and additions to written instruments. The court below overruled the objection, holding that the doctrine was inapplicable, since the disputed clause in the will does not show on its face to have been an interlineation or addition. Wé do not find any error in the ruling. The district judge also held that while there were some suspicious circumstances connected with the'clause, as shown by the evidence, he was not justified, merely upon suspicion, in declaring it to be a forgery. After carefully reading and considering the evidence on that subject we have reached the same conclusion.
 

 The appellant A. T. Cox, father of the deceased, complains that the court below erred in awarding him only an undivided one-fourth
 
 *111
 
 interest in the real estate belonging to the succession of the testatrix instead of an un- ,. .. , . ,, , , , . divided one-third interest as alleged by him under his alternative demand. He cites Civ. Code, art. 1494, and Succession of Jacobs, 104 La. 447, 29 So. 241, in support of his contention. But in Succession of Greenlaw, 148 La. 255, 86 So. 786, this court, construing the cited article with other articles of the Civil Code in pari materia, overruled the doctrine announced in the Succession of Jacobs, and held that in a case such as the instant one, a surviving parent is entitled to only one-fourth of the estate of the deceased child. The doctrine of the Greenlaw Case has been expressly approved in the Succession of Dielman, 155 La. 503, 99 So. 416, and Succession of Bush, 158 La. 1000, 105 So. 42.
 

 For the reasons assigned, the judgment appealed from is affirmed, at the cost of the appellants.