HIGGINS, Justice.
 

 The appellant, Ralph DeRosa, as dative testamentary executor of the succession of his aunt, Mrs. Josephine Taulli, wife of Salvatore Ferrara, brought a rule to tax costs, including statutory costs of court, the executor’s commission, the fees of the notary and the appraisers for making an inventory, the fee of the attorney for probating a will, the amount charged by the attorney representing the executor in the suit and the expense of printing the briefs filed in the litigation, alleging that he was entitled to recover these costs under the decree of this Court in the Successions of Salvatore Ferrara and Josephine Taulli Ferrara, 189 La. 590, 180 So. 418.
 

 The appellees, the widow by second marriage of Salvatore Ferrara, and the heirs of his testamentary legatee, filed exceptions of no right and no' cause of action and an answer, admitting that they were responsible for the payment of the actual costs of court, and were willing to pay the notarial and appraisers’ fees, but denying that they were liable for the other items claimed. They pleaded that the attorney’s fees, representing services alleged to have been rendered, were incurred in an unsuccessful suit against them and that the alleged services were of no benefit or advantage to them.
 

 Upon the trial of the matter on its merits, the district judge ordered the payment of the costs of court, and the fees of the appraisers and the notary and maintained the exceptions as to all other amounts claimed. DeRosa then appealed.
 

 Our opinion in the Successions of Ferrara, supra, clearly shows that Ralph DeRosa’s main purpose in qualifying as the dative testamentary executor of his aunt’s will and in instituting the suit against the widow by second marriage of Salvatore Ferrara and his testamentary heir was to have annulled and set aside the judgment recognizing and sending them in possession as the owners by inheritance of certain property and for recognition of himself and his sisters as the owners of the property as heirs of their aunt, and also,, to secure a judgment against the defendants for the sum of $7,000, representing one-half of the sale price of other real estate claimed to have been inherited by him and his sisters, through their aunt. The trial judge dismissed DeRosa’s demands, basing the judgment upon a certain will in favor of the defendants. We concluded that the will had not been legally proved, but pointed out that this would not affect the widow and heir in their ownership of the property, because it had descended to them through Salvatore Ferrara, who inherited it from his first wife, as the surviving spouse in community, under Article 915, R.C.C. In the decree, we dismissed the demand of Ralph DeRosa, dative testamentary executor, to annul the judgment recognizing, as owners, and sending the widow and heir in possession of the deceased Salvatore Ferrara’s property and held that judgment valid, and also rejected his claim for $7,-
 
 *855
 
 000. We assigned, as the reason for the dismissal of Ralph DeRosa’s suit, that he had no right of action either as executor or individually. Our decree placed all the costs of these proceedings on the Succession of Salvatore Ferrara. Successions of Ferrara, supra.
 

 Counsel for the appellant claims 2%% of the amount of the inventory as the executor’s commission, under Article 1683, R.C.C., $100 for attorney’s fees for probating the will of Josephine Taulli Ferrara, first wife of Salvatore Ferrara, $53 for costs of printing briefs filed on appeal in this Court and $750 as attorney’s fees for resisting the probate of the alleged lost will of Josephine Taulli Ferrara, all of which items were disallowed by the trial judge. In support of his position, counsel for the appellant cites Article 1682, R.C.C., which reads:
 

 “Expenses of administration — Succession liable. — The expenses incurred by the executor for affixing the seals, for the inventory, for the accounts and the other charges relative to his functions, shall be defrayed out of the succession.” See, also, C.C., Article 1070.
 

 It is true that succession matters were involved in this litigation, but, as we have already stated, DeRosa’s purpose in qualifying as dative testamentary executor and in instituting the suit to annul the judgment recognizing, as owners, and placing the defendants in possession was to recover certain real estate and cash from them. He lost his suit in the lower court and also in this Court, and we now reiterate that the effect of our decree, as we pointed out in our per curiam, was to affirm the judgment of the district court. Therefore, there can be no doubt that the costs referred to were the usual statutory costs of court. The services of the attorney rendered in connection with probating the will of Josephine Taulli Ferrara and representing Ralph DeRosa, in the suit to recover the property and the briefs filed in that case in this Court were not in any way advantageous or beneficial to the defendants but, on the contrary, they were forced to expend costs of court and attorney’s fees in order to defend the judgment under which they were recognized as the owners of the property. The whole of the litigation was predicated upon DeRosa’s misconception of his legal rights, under the will and the law.
 

 In the case of Succession of McNeely, 50 La.Ann. 823-837, 24 So. 338, 344, this Court stated:
 

 “ * * * We do not think, under the circumstances of this case, opponent can be made responsible, directly or indirectly, for any portion of the costs incurred in the attempt to make that defense good, nor for the fees of the attorneys employed for that purpose. The error of law into which the testamentary executor and universal legatee fell as to his right to set up this special defense, and his belief that any estoppel which might have struck the father on this subject did not reach to him, did not have the effect of authorizing the executor to charge up those particular costs and attorney’s fees to the succession. He must sustain them himself. * * ”
 

 
 *857
 
 It is our view that the items of attorney’s fees, executor’s commission and the expense of printing briefs are not court costs contemplated by our decree, nor do they come within the accepted meaning of the term “costs of court.” The law does not require the successful litigants to pay the costs of printing their opponent’s briefs and attorney’s fees, resulting from an unsuccessful attempt to set aside the defendants’ title to the property which they acquired by inheritance.
 

 For the reasons assigned, the judgment appealed from is affirmed at the appellant’s costs.