Innis Patterson, widow of George Wolf, III, died on October 27th, 1942, in the city of New Orleans, where she was domiciled, leaving movable property within the jurisdiction of the Civil District Court. On June 7th, 1943, the decedent's mother, Maria Thompson Patterson, caused the succession to be opened and applied for letters of administration.
On June 16th, 1943, Mrs. Frances Hirn, wife of Captain Hoyt Sherman Baker, filed a petition in these proceedings in which she alleged that the decedent left a last will and testament executed in the city of Little Rock, Arkansas, on June 8th, 1942, under which she and her husband, Captain Baker, were designated as legatees. She further alleged that she desired that this will be probated and prayed accordingly. The will was thereafter admitted to probate on the testimony of Mrs. Baker and Mrs. J.W. Hirn, who declared to the judge that they recognized the signature of the testatrix, with which they were well acquainted.
The will, which is in typewritten form, is purportedly executed by Mrs. Wolf and her signature is attested by three witnesses, namely, Brooks Hays, H.T. Buchanan and Mrs. H.T. Buchanan, all of whom were domiciled in Little Rock, Arkansas, at the time of its alleged execution.
Subsequent to the date upon which the court ordered the probate of the will, counsel for Mrs. Maria T. Patterson directed the judge's attention to the fact that the presumptive heirs of the deceased had not been given notice in writing of the proceedings, as required by Article 935 of the Code of Practice. Upon being thus advised, the court rescinded its order probating the will with reservation of the rights of all parties.
Thereafter, Mrs. Baker, in seeking to establish the will, caused commissions to be issued by the court to take the depositions of the subscribing witnesses, Mr. Hays and Mr. and Mrs. Buchanan. Counsel for Mrs. Patterson objected to the issuance of these *Page 497 
commissions contending that our law did not sanction the proof of a will by deposition and that it required that the witnesses to the testament appear in open court and be examined in the presence of the judge. Succession of Lewis, 177 La. 212148 So. 29, was relied upon in support of the objection. The judge apparently reserved his ruling on counsel's objection as the record shows that the depositions were mailed to the notaries public, to whom they were directed, and that they were returned, in due course, to the court in completed form. The deposition of Mr. Hays, in addition to acknowledging the execution of the will by the testatrix in his presence and also in the presence of the other witnesses, declared that he was a practicing attorney in Arkansas; that the will was made in conformity with the laws of that state and that it was valid. In support of his opinion, the witness cited sections 14512 and 14513 of Pope's Digest of the statutes of Arkansas.
Upon the return to the court of the depositions of Mr. and Mrs. Buchanan, the other two witnesses to the will, it was discovered that they were incomplete inasmuch as the deponents had failed and refused to answer the cross-interrogatories propounded by counsel for Mrs. Patterson. As a consequence, the statements made by these witnesses in answer to the direct interrogatories could not be availed of by the proponent of the will as the depositions were not admissible under the ruling of the Supreme Court in Calavartenos v. Southeastern R.F. Merchants,189 La. 94, 179 So. 46, and other cases. Hence, it became apparent to counsel for the proponent that the genuineness of the will could not be established by the evidence of the attesting witnesses, as none of them were within the jurisdiction of the court, and that, unless the court would consider secondary evidence, he would be unable to have the will admitted to probate. In these circumstances, counsel offered to prove by persons residing within the jurisdiction of the court (1) the signature of the testatrix, (2) the signatures of the subscribing witnesses, Brooks Hays and Mr. and Mrs. Buchanan, and (3) that the will was valid under the law of Arkansas by the deposition of Brooks Hays.
Counsel for Mrs. Patterson excepted to this type of proof on the ground that it was insufficient to authorize the probating of the will under our law. This exception was sustained by the district judge and the probate of the will denied. Mrs. Frances Hirn Baker has appealed from the adverse decision.
It will be seen from the foregoing statement of the case that the sole question for determination is whether the proof tendered by Mrs. Baker would be sufficient to authorize the admission of the will of Mrs. Wolf to probate under our law. It cannot be doubted that the will which was purportedly executed in Arkansas is entitled to be received for probate in this state inasmuch as the deposition of Mr. Hays established its validity as to form under the Arkansas law. See Articles 1596, 1688 and 1689 of the Civil Code and Act No. 176 of 1912. Uniform Probate Act. And, while counsel for Mrs. Patterson objects to the submission of depositions for the purpose of proving the signature of the testatrix or that of the attesting witnesses, the deposition of Mr. Hays, insofar as it pertains to the establishment of the will as valid under the law of Arkansas, is clearly admissible in evidence as this is the usual method by which the laws of other states or foreign countries are proved.
It is also obvious that, since the testatrix was not domiciled in Arkansas and left no property there, her will was not subject to probate in the courts of that state and that the Civil District Court was the proper forum in which it should be received and proved. Consequently, Act No. 92 of 1916, which provides for the probate in this state of probated foreign wills, is without application. Compare Shimshak v. Cox, 166 La. 102,116 So. 714, and cases there cited.
In these circumstances, how and by what law could the will be admitted to probate? Articles 1688 and 1689 of our Civil Code provide the answer. Article 1688 declares that testaments made in foreign jurisdictions cannot be carried into effect in this state without being registered in the court within the jurisdiction of which the testator's property is situated and the execution thereof ordered by the judge. And Article 1689 provides:
"This order of execution shall be granted without any other form than that of registering the testament, if it be established that the testament has been duly proved before a competent judge of the place where it was received. In the contrary *Page 498 case, the testament can not be carried into effect, without itsbeing first proved before the judge of whom the execution isdemanded." (Italics ours.)
Hence, since the will could not be probated in Arkansas, it is apparent that it is competent to admit it here in the event it is proved in the manner prescribed by the Civil Code and Code of Practice. Let us, therefore, examine the applicable law in order to determine what proof is necessary.
Since the will is allegedly signed by the testatrix in the presence of three witnesses, Article 933 of the Code of Practice applies with respect to the order for proof of the will. That article declares:
"When the will has been made in the presence of witnesses, the judge, after being satisfied of the testator's death, shall order that the will be proved before him on a day, place, and hour, to be fixed by him, by the number of witnesses required for that purpose by law."
Article 1648 of the Civil Code, which has reference to the proof required for nuncupative wills under private signature (which type of will is very similar to the one in the instant case), declares that they cannot be executed until they have been proved by the declaration on oath of at least three of the witnesses who were present at the time they were made. Therefore, if the witnesses to the instant will were available, it seems clear that Article 1648 requires that they appear and give evidence in proof of it before it could be admitted to execution. However, this proof cannot be submitted in the matter at hand because the witnesses are out of the jurisdiction of the state and cannot be compelled, by legal process, to appear.
Because of her inability to secure the presence of the attesting witnesses, the proponent tried to obtain their testimony by deposition. But counsel for Mrs. Patterson objected to this procedure, maintaining that their evidence could not be received unless they appeared before the judge. Determination of the correctness of counsel's objection has become unnecessary forasmuch as the depositions are admittedly inadmissable because of the refusal of the witnesses to answer the cross-interrogatories. Obviously, then, the testimony of all the attesting witnesses is not available.
In the circumstances thus presented, the question to be determined is whether, under the provisions of our law, secondary evidence can be received for the purpose of proving the will? This question, we think, should be answered in the affirmative. Article 1653 of the Civil Code provides:
"If any of the witnesses, who were present at the making of the nuncupative testament under private signature, or at the act of superscription of the mystic testament, be dead or absent, so that it be not possible to procure the number of witnesses prescribed by law for proving the testament, it will be sufficient to prove it by the declaration of the witnesses living, who are in the State."
And Article 1654 declares:
"If none of the persons, who were present at such acts, areliving in the State, but all are absent or deceased, it will besufficient for the proof of the testament if two crediblepersons make a declaration on oath that they recognize thesignatures of the different persons, who have signed the will orthe act of superscription." (Italics ours.)
It seems clear to us that this case falls squarely within the terms of Article 1654 of the Code since all of the witnesses to the will reside out of Louisiana. Therefore, inasmuch as Mrs. Baker has been unable to secure their evidence to prove the testament, it is conformable with law for her to submit secondary evidence by persons within the jurisdiction of the court who are able to identify the signature of the testatrix and that of the attesting witnesses.
Counsel for Mrs. Patterson asserts that such proof would be insufficient for the reason that the witnesses produced by Mrs. Baker could only identify the signatures of the testatrix and the attesting witnesses and that they would obviously be unable to testify that the testatrix acknowledged to the subscribing witnesses that the instrument was her last will or that she signed it in their presence or that the attesting witnesses signed as such in the presence of the testatrix and in the presence of each other.
The short answer to this proposition is that Article 1654 of the Code unquestionably permits this type of proof in case the witnesses are dead or do not reside in the State. Moreover, we think that it is apt to remark that, should counsel's view be maintained, it would be utterly impossible to prove a will, whether it be foreign or *Page 499 
domestic, in case the witnesses to it were out of the State unless those witnesses would consent to come into the jurisdiction and give oral testimony. Under such a view, it would be exceedingly hazardous for any resident of this state to make his testament while sojourning in a foreign state — for, unless his legatees were able to produce the attesting witnesses in court at the place where his succession was opened, the will could not be admitted to probate and, thus, his wishes would be effectually thwarted.
The conclusion which we have reached is amply fortified by the jurisprudence of the Supreme Court. In Succession of Hall, 28 La.Ann. 57, it appeared that the testatrix, domiciled and owning property in Louisiana, executed a will in Illinois. This will conformed to the Illinois law and was witnessed by two residents of that State. The heirs at law opposed its probate for several reasons, one of which was that the proof of its execution was insufficient as only one of the subscribing witnesses proved the signatures of the testatrix and the other attesting witness. The court held, however, that, since the testimony of this witness exhibited that the other witness to the will was dead and since the signature of the deceased witness was established by other witnesses, the proof was sufficient in view of Articles 1653 and 1654 of the Code.
In Miller v. Miller et al., 32 La.Ann. 437, the probate of a nuncupative will by private act was objected to on the ground that only two of the subscribing witnesses testified as to its execution. The court held that, since these witnesses stated that the other three witnesses were absent from the state, the will was properly received under Article 1653 of the Code.
And in the recent case of Succession of Ferrara, 189 La. 590, 602, 180 So. 418, the court, while observing that it was unnecessary to decide whether the proof submitted by the proponents of an alleged lost or destroyed will was sufficient for the purpose of admitting it to probate, recognized that Articles 1653 and 1654 of the Civil Code authorized the proof of the will by secondary evidence where the witnesses were dead or absent from the state.
For the reasons assigned, the judgment appealed from is reversed; the exception of Mrs. Maria T. Patterson to the admission of the evidence tendered by Mrs. Frances Hirn Baker is overruled and the case is remanded to the Civil District Court for the Parish of Orleans for further proceedings in accordance with law and not inconsistent with the views herein expressed. The costs of this appeal are to be paid by appellee, other costs to await final determination of the case.
Reversed and remanded.